### LAYNE & BOWLER CORPORATION v. AMERICAN WELL & PROSPECTING CO. et al.

(District Court, S. D. California, S. D.    June 18, 1924.)

No. E-42.

Patents ⬯328—821,653, for well mechanism, held valid, but not infringed.
    The Layne patent, No. 821,653, for well mechanism, claims 9, 13, and 20, *held* valid, but not infringed.

In Equity.  Suit by the Layne & Bowler Corporation against the American Well & Prospecting Company and others.  Decree for defendants.

Frederick S. Lyon and Leonard S. Lyon, both of Los Angeles, Cal., for plaintiff.

Raymond Ives Blakeslee and Charles C. Montgomery, both of Los Angeles, Cal., for defendants.

JAMES, District Judge.  This suit was instituted by complainant (holder by assignment) for the protection of rights secured under letters patent No. 821,653, covering a combination mechanism as applied to deep well centrifugal pumps.  It is alleged in the bill of complaint that defendants were guilty of infringement, to prevent the continuance of which injunction is prayed for; also damages.  Defendants denied infringement, and presented other defenses common to patent proceedings, which need not be particularly referred to.  Upon the issues being made up, a reference was ordered to a special master, who was authorized to take testimony and return his findings of fact and legal conclusions to the court.  The report of the special master was filed on July 14, 1920.  Meanwhile the case of Layne & Bowler Corporation v. Western Well Works, Inc., et al., involving practically identical issues, was pending in the District Court for the Northern District of California.  That cause, after decision of the District Judge sustaining the validity of plaintiff's patent as to certain claims, was heard in the Circuit Court of Appeals for the Ninth Circuit, and decided on October 17, 1921.  276 Fed. 465.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Claims 9, 13, and 20 of the plaintiff's patent were considered by the Circuit Court of Appeals. Infringement of those claims only is charged here. The claims are as follows:

"9. In well mechanism, the combination, with a pump casing, of a rotary pump of a jointed pump shaft and a closed casing surrounding the pump shaft from the pump to the top of the well."

"13. The combination, with a pump and its actuating shaft, of a sectional casing therefor, provided at each end of each section with a fixed block, with bearings for the shaft; the casing being closed at the top and provided with an air vent."

"20. The combination of a well casing, a rotary pump therein, and a line shaft for the pump, entirely closed off from the water in the well."

Considered without regard to technical detail, plaintiff's claimed invention is for a combination which will enable the assembling, in a deep well of small diameter, of a pump at the bottom, with a propeller shaft extending to the surface of the ground; the shaft being completely closed above the pump, and so constructed as to enable the shaft bearings to be lubricated without allowing the lubricant to escape into the water of the well, or water or sand to gain access to the said bearings. The special master found that the mechanism of the defendants did infringe claim 20, and "perhaps" claim 9.

Defendants filed exceptions to the report and findings of the master; their main contention being that infringement was not shown, because the master found that the defendants' combination did not embody a completely closed shaft-protecting casing, but employed one which permitted the lubricating oil to escape from the inclosed casing into the well and allowed water to enter the casing chamber.

The master assigned three functions to plaintiff's closed shaft, to wit: Alignment, means for lubrication, and protection of shaft bearings from water and sand. He concluded that an effort was made in the defendants' combination to protect the propeller shaft and bearings from sand and water, but found, at least as to the lowest shaft bearing above the pump, that the means adapted to that purpose were not effectual. He found that the oil, when it reached the bottom of the inclosing casing, was conducted through a hole drilled in a solid shaft end; that the oil then went through a hollow runner shaft; that in descending it in part wasted into the water before it entered the duct; and that that portion of it which descended to lubricate a stationary stub shaft, onto which the hollow runner shaft of the pump was screwed, worked up and also escaped into the water of the well. He found that the defendants' combination included no thrust bearings or stuffing boxes, and that it included no "blow-out" pipe. As the latter was an element included in claim 13, the master held that there was no infringement as to that claim.

At the time the Court of Appeals of this circuit made its decision, plaintiff's patent had been considered in three cases brought in the Fifth Circuit. El Campo Mach. Co. v. Layne, 195 Fed. 83, 115 C. C. A. 115; Van Ness v. Layne, 213 Fed. 804, 130 C. C. A. 462; Getty v. Layne (C. C. A.) 262 Fed. 141. The Ninth Circuit held that claims 9 and 20 were valid, but that no infringement was shown. Certiorari was petitioned for after that decision was rendered, on the ground that the decisions in the two circuits affecting the patent were not

harmonious. The Supreme Court determined that there was no necessary conflict between the decisions. Layne & Bowler Corporation v. Western Well Works, Inc., et al., 261 U. S. 387, 43 Sup. Ct. 422, 67 L. Ed. 712. This case is necessarily ruled by the decision of the Circuit Court of Appeals for the Ninth Circuit (which had not been rendered at the time the master submitted his report).

Digesting that decision, it will be found that the Circuit Court of Appeals discarded the claim that the shaft casing had any function to assist in the matter of alignment of the shaft, but held that its functions were two only: (1) To protect the shaft and its bearings from the water and sand pumped to the surface; and (2) to inclose the means provided for lubrication of the shaft bearings. The court was of the opinion that claim 9 and claim 20 comprehended the same thing; that is, a shaft in a casing which completely closed it from the water in the well. The court agreed that a preponderance of the evidence justified the trial judge in concluding that the defendants had so shaped their shaft connections as to make them tight, and had used white lead on the joints and introduced hard grease into the interior of the casing, "so that no water of any amount could pass into the interior of the shaft casing." Notwithstanding the court's agreement with this conclusion, it said:

"But the controlling question still remains to be determined. Does the lubricating oil introduced into the defendants' shaft casing pass down through the bearings, and, after being used and spent, finally pass out at the bottom of the shaft into the well proper, through a channel or auxiliary conduit constructed for that purpose? If it does, then it is not the same mechanical device for lubrication claimed and specified in the plaintiff's patent. The plaintiff's device does not have any outlet for the used and spent oil to pass out into the well, and, as we understand the mechanical construction of plaintiff's pump, it was devised, in part at least, for the specific purpose of avoiding that objection."

Because the defendants' device permitted used or spent oil to discharge from the bottom of the shaft into the water of the well, there was not, the court said, infringement of "plaintiff's patent for an entirely closed casing for the line shaft." In the combination of the defendants, as the master has described its construction and operation, it appears that no effort is made to confine the used oil within the chamber of the casing, but that a way is provided for its free escape into the water of the well. The sleeve bearings used by the defendants are not equivalent to thrust bearings and stuffing boxes as means of closure against the intrusion of water or other detritus. Such closure as the defendants' combination affords is not secured through the same means as that which composes the combination mechanism of plaintiff. Neither the means employed nor the results attained are the same. The question is not one of degree, but one of substantial difference, at least in methods used. For these reasons, and under the decision of the Circuit Court of Appeals of this circuit, the exceptions should be sustained.

A decree is accordingly ordered, determining that the claims of plaintiff's patent as herein referred to are valid, and that the defendants have not infringed. Costs should also be provided to be recovered by the defendants.